### Thomas Butler v. The Incorporated Town of Malvern, Appellant.

**Defect in Sidewalk: Notice.** On the issue whether a town had actual notice that a certain walk was defective, a resolution of the council requiring the owner to repair all his walks is admissible, though that particular walk is not mentioned in the resolution. Deemer, J., took no part.

*Appeal from Mills District Court.*—Hon. H. E. Deemer, Judge.

#### Thursday, May 24, 1894.

Action to recover for personal injuries sustained by reason of a defective sidewalk. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Shirley Gilliland* and *Sims & Bainbridge* for appellant.

*Smith McPherson, L. T. Genung* and *A. E. Cook* for appellee.

Given, J.—I. The sidewalk at the point where the plaintiff was injured was upon the right of way of the Omaha & St. Louis Railway Company, commonly called the Wabash, and had been constructed by that company some eight years before the accident. The walk was some distance above the surface of the earth, and was constructed of stringers resting on posts and covered with plank. On July 25, 1891, while plaintiff was passing along that walk, one of the planks, because of being decayed, turned under his foot, letting his leg pass through the opening, and causing him to fall so that he was injured. On the trial, plaintiff introduced in evidence a resolution adopted by the council on January 5, 1891, as follows: "Moved

and seconded, the mayor and recorder give legal notice
to the Wabash,or O. & St. L. R. R. Co., to repair their
sidewalks and crossings.'' Defendant objected, as in-
competent and immaterial, and now complains of the
overruling of that objection. One contention in the
case was whether the defendant had actual notice of
the condition of the sidewalk at the place where plain-
tiff was injured. While it is true that that particular
sidewalk was not mentioned in the resolution, it did
include all the sidewalks of that railroad company, and
consequently the one in question. Defendant was per-
mitted to prove that the resolution was not passed with
reference to this part of the railroad company's walk.
We think there was no error in admitting the evidence,
as it tended to show actual notice.

II. Appellant presents as the principal question on
this appeal, whether the alleged defect in the sidewalk
was of so long standing and so notorious that the
defendant must be presumed to have had knowledge of
it. In this connection, counsel discuss at great length
and with much particularity the evidence relating to
that issue. Their argument demonstrates beyond ques-
tion that there is conflict in the evidence upon that
subject. It is not authorized or required that, in this
class of cases, we shall, on appeal, retry questions of
fact. It is sufficient to say that this question was prop-
erly submitted to the jury, and that the jury was war-
ranted by the evidence in presuming that the defendant
had knowledge of the defective condition of the walk.
We discover no errors in the record, and the judgment
of the district court is therefore AFFIRMED.